

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BREVET PRESS, INC., | CIV. 06-4056-KES |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| MARY JANE FENN and ROBERT KAROLEVITZ, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

The District Court, the Honorable Karen E. Schreier, Chief Judge, referred to this Court for decision the Defendant Mary Jane Fenn's Motion to Compel Discovery [Docket No. 48]. As this is a non-dispositive motion, it is within this Court's authority to resolve. See 28 U.S.C. § 636(b)(1)(A). Defendant Fenn moves pursuant to Fed. R. Civ. P. 37(a) for an order compelling Plaintiff Brevet Press, Inc. to provide answers to various interrogatories and requests for production.

## FACTS

This is a federal copyright infringement action, with state law claims of conversion, trespass to chattels, and breach of contract claims asserted as well. The subject of these claims is whether Defendants have infringed on Plaintiff's copyright to certain works which this opinion identifies collectively as "Flight of Eagles." See Plaintiff's Complaint [Docket No. 1]. On April 30, 2007, Plaintiff served Defendant Fenn with answers to various interrogatories and requests for production.

Defendant Fenn seeks the Court's order compelling answers to Interrogatory Nos. 6, 7, 11, 18, 19, 20(b)-(g), and 21 and also compelling responses to Request for Production Nos. 3 and 4.[1]

## DISCUSSION

A.  **Scope of Discovery**

Rule 26(b) of the Federal Rules of Civil Procedure addresses the permissible scope of discovery in civil cases in federal district court. In pertinent part, Rule 26(b) provides as follows:

> **(b) Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
>
> **(1) In General.** Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
>
> **(2) Limitations.** . . . The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonable cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. . . .

---

[1] Defendant Fenn originally included a request for an order compelling Plaintiff to answer Interrogatory No. 12 also. However, Plaintiff filed supplemental answers after receiving Defendant Fenn's motion to compel such that Fenn has now withdrawn her request for the Court's intervention on this interrogatory. The Court notes that such compromise is the reason for the institution of Local Rule 37.1. It would have been preferable for Plaintiff to have been forthcoming with the additional information it provided at the time of the Rule 37.1 meet-and-confer, instead of waiting until the matter had to be brought before the Court.

Fed. R. Civ. P. 26(b). If a party fails to respond to interrogatories or a request for documents, or if an evasive or incomplete response is made, the party seeking the discovery is entitled to move for a motion compelling disclosure. See Fed. R. Civ. P. 37(a)(2)(B) and 37(a)(3).

The scope of discovery under Rule 26(b) is extremely broad. See 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 94-95 (2d ed. 1994) (hereinafter "Wright & Miller"). The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." 8 Wright & Miller, § 2007, 96 (quoting Hickman v. Taylor, 329 U.S. 495, 507-08 (1947)). The Federal Rules distinguish between discoverability and admissibility of evidence. Fed. R. Civ. P. 26(b), 32, and 33. Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial. These considerations are not inherent barriers to discovery, however.

**B.      Interrogatory No. 6**

In Interrogatory No. 6, Defendant Fenn sought from Plaintiff Brevet Press, Inc. information as to whether P.J. Kfoury and Barbara Mackintosh (or Barbara Melton) are officers or directors of Brevet International, Inc. Apparently, non-party Brevet International, Inc. is the majority shareholder in Plaintiff Brevet Press, Inc. The Court also infers that there is some overlap between the officers and directors of Plaintiff Brevet Press, Inc. and Brevet International, Inc., although neither party explicitly explains to the Court that this is so or to what extent it is so.

Plaintiff's objection to Interrogatory No. 6 is that interrogatories are only properly served on parties, not on non-parties, and that Brevet International, Inc. is not a party to this action. See Fed. R. Civ. P. 33(a). However, the Court notes that Defendant Fenn's interrogatory has been served on

3

a party–Plaintiff Brevet Press, Inc.–it only asks questions of Brevet Press, Inc. about a non-party. An interrogatory that is directed to a party, seeking knowledge that a party has about the corporate make-up of a non-party, particularly where the party and non-party corporate entities appear related in some manner, is not improper. As explained above, the scope of discovery under Fed. R. Civ. P. 26 is extremely broad. A non-party's involvement in the transaction which is the subject of a lawsuit and the relationship between that non-party and a named party may indeed be relevant, for example, if Defendant Fenn is exploring the issue of whether there are other parties who should be joined to this action. See Fed. R. Civ. P. 19. Without further illumination of Plaintiff's basis for failing to fully answer Interrogatory No. 6, the Court will grant Defendant Fenn's motion to compel Plaintiff to fully answer Interrogatory No. 6.

### C. Interrogatory No. 7

Interrogatory No. 7 seeks to discovery whether Barbara Mackintosh (or Barbara Melton) is currently a director or officer of Plaintiff Brevet Press, Inc. and, if so, whether she has knowledge of facts relevant to the claims in Plaintiff's complaint. Plaintiff fails to answer this interrogatory. Instead, Plaintiff refers Defendant Fenn to its answer to Interrogatory No. 5, which contains a lengthy excerpt from a deposition taken in this case. However, nowhere in that excerpt is Barbara Mackintosh/Melton's participation in Plaintiff's operations mentioned. As Plaintiff failed to answer the question posed in Interrogatory No. 7, and as no proper objection was made to Interrogatory No. 7, Defendant Fenn's motion to compel Plaintiff's answer to this interrogatory will be granted.

### D. Interrogatory No. 11

In Interrogatory No. 11, Defendant Fenn seeks discovery of information relating to a film produced in Poland regarding the "Flight of Eagles" story. Plaintiff's response to this interrogatory

was simply to note that the documentary film had been provided to Defendant Fenn and to state that "Plaintiff received nothing." In its brief, Plaintiff produces a lengthy excerpt from the deposition of Donald Mackintosh regarding this topic and asserts that nothing more is known.

The Court notes that Plaintiff is a corporation. A corporation can only act through its agents, of which there may be many. It is entirely possible that another agent of Plaintiff's may have additional information aside from that which Donald Mackintosh testified to. Therefore, even if the interrogatory covers the same ground as the deposition, there is nothing intrinsically impermissible in asking the party itself if it has any additional information.

Furthermore, the Court notes that an interrogatory is a request for *a party* to provide answers under oath. Plaintiff itself has not provided an answer under oath that the sum and substance of Donald Mackintosh's deposition contains all the information at Plaintiff's disposal concerning this subject. If that is so, Plaintiff should serve Defendant Fenn with an answer signed under oath by Plaintiff stating that nothing more is known. The Court will grant Defendant Fenn's motion to compel Plaintiff to answer Interrogatory No. 11.

E.     **Interrogatory Nos. 18 and 19**

In these interrogatories, Defendant Fenn seeks the identity of individuals who were present or may have knowledge concerning the negotiations between Plaintiff and Glob Films regarding the book "Flight of Eagles." Plaintiff's sole response to this interrogatory is "Objection. Plaintiff objects on the grounds that the question attempts to illicit [sic] the trade secrets of the Plaintiff. Fed. R. Civ. P. 26(c)(7)."

Rule 26(b)(5) of the Federal Rules of Civil Procedure addresses claims of privilege or protection for discovery. That provision states:

5

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection. . ., the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

See Fed. R. Civ. P. 26(b)(5). Plaintiff has not complied with this provision, leaving the Court and Defendant Fenn unable to assess the applicability of the asserted ground for protection.

Additionally, subpart (c) of Rule 26 provides that a party seeking protection from the discovery of trade secrets or other confidential information must make a motion to the Court seeking an order protecting that party from discovery or implementing an order that protects the confidentiality of such information once it is discovered. Plaintiff has failed to comply with this provision also as no motion for protective order was made.

Absent Plaintiff's compliance with either part (b)(5) or part (c) of Rule 26, the Court will grant Defendant Fenn's motion to compel an answer to Interrogatory Nos. 18 and 19. If the information is confidential, the parties are free to fashion their own mutually-agreeable protective agreement governing the receipt and handling of such information. Absent an agreement between the parties, Plaintiff can file a motion with the Court explaining in detail the basis of the assertion of confidentiality and the Court will rule on such motion.

### F.   Interrogatory Nos. 20(b)-(g) and 21

Plaintiff's basis for refusing to answer Interrogatory Nos. 20(b)-(g) and 21 is that it exceeds the number of interrogatories allowed by the Court's scheduling order in this case. The Court's scheduling order establishes a limit of 25 interrogatories, including discrete subparts. Plaintiff's argument is that Defendant Fenn's interrogatories numbered 1-21, including the subparts, is at the

6

limit of 25 with Interrogatory 20(a). However, Plaintiff does not explain how he arrives at this conclusion.

When the new numerical limitations on interrogatories were introduced with the revision of Fed. R. Civ. P. 26, the Advisory Committee explained that "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the times, place, persons present, and contents be stated separately for each such communication." See Advisory Committee Notes, 146 F.R.D. at 675-676; Charles A. Wright and Arthur R. Miller, 8A Fed. Practice & Procedure § 2168.1 at page 261 (2d ed. 1994)(hereinafter "Wright & Miller"). In general, then, "interrogatories containing subparts directed at eliciting details concerning a common theme should be considered a single question, although the breadth of the area inquired about may be disputable." Wright and Miller at § 2168.1 at page 261.

Reviewing Defendant Fenn's interrogatories, it appears that those interrogatories containing subparts relate to a single, common theme. Thus, each is counted as a single interrogatory, leading the Court to conclude that by serving 21 interrogatories, Fenn has not exceeded the Court's limit of 25. Defendant Fenn's motion to compel Plaintiff to answer interrogatories 20(b)-(g) and 21 will be granted.

### G. Request for Production Nos. 3 and 4

Defendant Fenn reproduced Plaintiff's responses to Request for Production Nos. 3 and 4 in her initial brief in this matter. Plaintiff then reproduced its responses to these same requests in the body of its brief. The two responses do not match. In Defendant Fenn's filing, Plaintiff's response is simply to assert the attorney-client privilege. In Plaintiff's brief, Plaintiff asserts the privilege, but also offers Defendant Fenn the opportunity to inspect these phone logs. Defendant Fenn does not

address this discrepancy in her reply brief. In fact, Defendant Fenn does not address Request for Production Nos. 3 and 4 at all in her reply brief.

It appears to the Court that Plaintiff is willing to allow Defendant Fenn the opportunity to inspect the requested documents. This is in accordance with Fed. R. Civ. P. 34. Therefore, the Court denies Defendant Fenn's motion to compel Plaintiff to respond to Request for Production Nos. 3 and 4.

## CONCLUSION

Accordingly, based on the above, it is hereby

ORDERED that Defendant Mary Jane Fenn's Motion to Compel Discovery (Doc. No. 48) is GRANTED IN PART AND DENIED IN PART as stated above.

Dated this 14th day of June, 2007.

BY THE COURT:

Veronica L. Duffy
United States Magistrate Judge