UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| BREVET PRESS, INC., | * | CIV. 06-4056 |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| MARY JANE FENN and | * | |
| ROBERT KAROLEVITZ, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## BACKGROUND

The parties agreed to mediate. They agreed to terms of settlement at the mediation. Subsequently a dispute arose about money not distributed before September 19, 2007, the date settlement was reached. Part of the disputed money was being held in a lawyer's trust account and another part of the disputed money was held by a publisher during the pendency of the litigation. The disputed money is royalties from the sale of *Flight of Eagles* generated by *Dlug Honorowy* before September 19, 2007. This matter has been on Judge Schreier's docket. After the mediation the parties consented in writing to have the Magistrate Judge who acted as the mediator decide the single unresolved question (Doc. 85). Judge Schreier transferred the case to the Magistrate Judge (Doc. 89). The pertinent facts upon which the decision is to be made have been submitted to the court in writing by the parties (Docs.86 & 87). The stipulated facts numbered 1 through 7 in both documents are identical. Also Brevet's fact number 8 is identical to Fenn/Karolevitz fact number 10. Brevet's numbers 9 through 17 are mixed fact and argument. Fenn/Karolevitz numbers 8 and 9 are mixed fact and argument.

The mediation occurred on September 19, 2007. On the same day their settlement agreement was placed on the record. Among other matters the parties agreed that all the future royalties arising from *The Flight of Eagles* are the property of Brevet.

The issue to be decided has been agreed upon and stated in paragraphs numbered 7 in both documents: Brevet Press now contends that "future royalties" includes those royalties from sales of *Dlug Honorowy* that accrued prior to the September 19, 2007, mediation.

As is explained in Brevet's fact statement in paragraphs numbered 8 through 10, royalties in the amount of $22,647.30 accrued from sales before September 19, 2007. Before the September 19, 2007 mediation $7,372.94 of the $22,647.30 royalty payments were paid to the trust account of the lawyer for Karolevitz—Phillip Peterson, Esq. That money was in Mr. Peterson's trust account on September 19 and had not yet been distributed. Another $4,000 was a pre-payment delivered to Mr. Peterson's trust account and distributed from his account before the September 19 mediation.[1] Brevet makes no claim to the $4,000 pre-payment which was distributed before September 19.

The second part of the $22,647.30 is the $15,274.36 about which the publisher said in his e-mail communication to Mr. Peterson: "According to our agreement, after the case developed, I stopped sending semi-annual dues and as of today I keep $15,274.36, ready to be paid whenever you are ready to receive it."

The $7,372.94 already in Mr. Peterson's trust account but not yet distributed as of September 19, 2007, and the $15,274.36 being kept by the publisher and ready to be paid "whenever you are ready to receive it" together comprise the $22,647.30 in dispute. Brevet argues that because the

---

[1] Some of this information is not contained in the fact submissions, but is known to the Magistrate Judge because it was told to him during the mediation. The parties waived confidentiality of mediation information to the extent necessary to decide this issue (Docs. 91, 92 and 93)

money was not paid before September 19 and will be distributed after September 19, the money is "future royalties" which belong to Brevet as a result of the September 19 agreement that all future royalties are the property of Brevet. Fenn and Karolevitz hold the opposite view.

## DISCUSSION

Exhibit 2 of Document 86 explains the chronology. On September 7, 2007, Mr. Peterson in preparation for the upcoming September 19 mediation e-mailed a request to the publisher asking for a "current accounting relating to the book, Dlug Honorowy." On the same day the publisher, responding from Warsaw, Poland, replied and furnished an accounting. His e-mail accounting is the source for the details about disputed $22,647.30. One part of the disputed money, $7,372.94, was being held in Mr. Peterson's trust account on September 19, 2007, from royalties due during 2005. The other part of the disputed money, $15,274.36, was held by the publisher pending resolution of the dispute about the copyright. The $15,274.36 is the total of royalties from book sales during the three six month periods ending respectively in June 2006, December 2006, and June 2007. The publisher explained in the accounting e-mail "[a]ccording to our agreement, after the case developed, I stopped sending semi-annual dues and as of today I keep $15,274.36, ready to be paid whenever you are ready to receive it."

It is established that the disputed money in the amount of $22,274.30 is royalties. It is established that these royalties were the result of book sales which occurred before September 19, 2007. It is established that on September 19, 2007, these royalties were being held in part in Mr. Peterson's trust account and being held in part by the publisher without having been distributed to whomever was entitled to receive them. It is established that Brevet is entitled to receive "all future royalties" after September 19, 2007.

3

Understandably, the parties have not furnished any controlling case precedent because there isn't any. It is important to understand that ultimately this is not a dispute about who is entitled to royalty payments. That question was decided by the parties themselves when they settled. Fenn and Karolevitz are entitled to the royalties generated before September 19. Brevet is entitled to royalties generated after September 19. The question is whether the disputed money is a future royalty to which Brevet is entitled because the money will be paid out after September 19 from Mr. Peterson's trust account and from the publisher even though the royalties were without dispute generated from sales which occurred before September 19.

While not controlling, a recent Nebraska case between a taxpayer and the Internal Revenue Service is informative. <u>Jennifer Meisner v. United States</u>, 133 F.3d 654 (8th Cir. 1997). There the taxpayer was assigned royalties by her husband in connection with their divorce litigation. She argued that he, but not she, should be taxed on the royalties. The Eighth Circuit Court of Appeals focused upon the difference between an assignment of the tree and an assignment of the fruit. The responsiblility to pay the tax depended upon who had control of the asset. If only the earnings of an asset are transferred, then the donor (the husband in that case) would be taxed on the income just as though he had received it. On the other hand if the income producing asset itself is assigned, then all income after the assignment is taxed to the assignee (the wife in that case).

By way of analogy, the income producing asset belonged to Fenn and Karolevitz before September 19, but after September 19 the income producing asset belongs to Brevet. The tree and its fruit belonged to Fenn and Karolevitz before September 19. The tree and its fruit belong to Brevet after September 19. The disputed royalty money is fruit which was generated by the tree before September 19 while the tree belonged to Fenn and Karolevitz. Brevet has acknowledged as much when it acknowledged that Fenn and Karolevitz are entitled to the $4,000 pre-payment which

4

is not in dispute. The disputed money is the fruit of the same harvests from before September 19. Royalties that have been generated in the past and paid (to Mr. Peterson's trust account) or withheld but are ready to be paid when directed (the publisher) cannot be "future royalties."

It is ORDERED that the disputed royalties in the amount of $22,274.30 held in part in the trust account of Phillip Peterson, Esq. and held in part by A.M.F. Plus Group shall be paid to defendants Mary Jane Fenn and Robert Karolevitz pursuant to the terms of the September 19, 2007 settlement agreement which provides that future royalties after the date of the agreement belong to Brevet, but implicitly provides that past royalties from before the date of the settlement agreement belong to Fenn and Karolevitz.

Dated this _17th_ day of January, 2008.

BY THE COURT:

_John E. Simko_
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By _Jackie Mennenkunen_, Deputy
(SEAL)

5